NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS CHRISTENSEN;
CHRISTENSEN LAW OFFICE, LLC,

Plaintiffs - Appellants,

v.

DARWIN NATIONAL ASSURANCE
COMPANY,

Defendant - Appellee.

No. 14-15914

D.C. No. 2:13-cv-00956-APG-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Plaintiffs-Appellants Christensen Law Offices and Thomas Christensen

(collectively, "Christensen") appeal the district court's grant of summary judgment

in favor of Defendant in this insurance coverage dispute. We affirm.[1]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]  We also grant Appellants' Motion to Include Documents in Excerpts of Record.

Plaintiffs sought reimbursement from their insurer, Darwin National

Assurance Company ("Darwin"), for costs associated with a malpractice lawsuit

brought against Christensen by the Henry Vincent Trading Company ("HVTC"),

among others, in Nevada state court. This case thus turns on whether Darwin had

a duty to defend Christensen. Under Nevada law, "[d]etermining whether an

insurer owes a duty to defend is achieved by comparing the allegations of the

complaint with the terms of the policy." *United Nat'l Ins. v. Frontier Ins.*, 99 P.3d

1153, 1158 (Nev. 2004) (en banc). "If there is any doubt about whether the duty

to defend arises, this doubt must be resolved in favor of the insured." *Id.*

A comparison of the allegations in the original malpractice complaint with

the terms of the insurance policy plainly reveals that Darwin had no duty to defend.

The allegations of wrongdoing in the complaint are covered by the clear coverage

exclusions in the policy that prohibit claims "based on, arising out of, directly or

indirectly resulting from, in consequence of, or in any way involving, in whole or

in part" providing investment advice; the insured's capacity or status as a part of a

business enterprise; or any act of the insured in connection with a trust or estate

when the insured is a beneficiary or distributee of the trust or estate. Plaintiffs'

specific argument that Darwin had a duty to defend Christensen against the

2

allegation that it misrepresented the real value of HVTC'S primary asset, the Harmon Property, fails. Christensen's undervaluing of the Harmon property while advising HVTC was directly linked to what occurred next—the acquisition by the TFC Family Trust of half of HVTC's assets. The Trustees of the TFC Family Trust are Thomas Christensen and his wife, and the trust obtained half ownership in the Harmon property following the undervaluing of the property. Thus, even if the misrepresentation of the value of the property was made before the self-dealing sale, the misrepresentation still fell within the exclusion for acts "in any way involving" the "Insured's capacity or status as: [] an officer, director, partner, trustee, shareholder, manager or employee of a business enterprise, charitable organization or pension, welfare, profit sharing, mutual or investment fund or trust."[2]

For the first time on appeal, Plaintiffs argue that the district judge should have *sua sponte* recused himself from this case because his former law firm

---

[2] For the first time at oral argument, counsel for Christensen argued that even if Thomas Christensen lacked coverage, Christensen Law Offices did not. However, "we will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

represented HVTC in the lawsuit underlying this insurance dispute.[3]   Under 28

U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."   "Failure to move for recusal at the

trial level . . . does not preclude raising on appeal the issue of recusal under [28

U.S.C.] § 455," *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988), though it

does mean that review is for plain error, *United States v. Holland*, 519 F.3d 909,

911 n.1 (9th Cir. 2008).   Even if there were an error under § 455(a), Plaintiffs

have failed to demonstrate any effect on substantial rights, as would be required to

establish plain error.[4]   *See United States v. Olano*, 507 U.S. 725, 734 (1993)

(explaining that an error must "affec[t] substantial rights" to satisfy the plain error

standard, and that "in most cases [this] means that the error must have been

prejudicial: It must have affected the outcome of the district court proceedings."

(first alteration in original)).   In light of our de novo review of the claims in this

---

[3] Although Plaintiffs assert they raised the issue in an informal email to the district court, they did not formally file any request for relief with the district court.

[4] In the alternative, Christensen argues that Judge Gordon should have recused himself under 28 U.S.C. § 455(b)(2).   This argument fails, however, because Judge Gordon's former firm did not serve as counsel in the matter in controversy or as counsel concerning the matter.   Nor did his former law firm's client stand to gain from the outcome of the matter before him.   *See Preston v. United States*, 923 F.2d 731, 734-35 (9th Cir. 1991).

case, and our conclusion that Darwin was plainly entitled to summary judgment, Christensen could not have suffered prejudice from any recusal error here. We thus decline to vacate the decision.

AFFIRMED.